UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
YUK SHUN TANG,

                           Plaintiff,                  **<u>ORDER</u>**

      - v -

                                                            CV-06-4752 (CPS)(VVP)

VOLVO CAR CORPORATION, et al.,

                           Defendants.
-----------------------------------------------------------------x

      By letter dated July 16, 2007, the plaintiff has moved for sanctions for the defendants' failure to provide discovery as ordered by the court at a conference on June 5, 2007. By letter dated August 2, 2007, the plaintiff has moved to compel discovery withheld by the defendants, and by letter dated August 3, 2007, the defendants have cross-moved to compel discovery alleged to be withheld by the plaintiff. The court addresses the motions below.

*Plaintiff's Motion for Sanctions*

      At a conference on June 5, 2007, which was held to address discovery deficiencies with respect to interrogatories and document requests that had been served months earlier, the court directed the defendants to provide specific discovery, as follows: (i) a supplemental response to the plaintiff's interrogatory 7 which sought information concerning who designed, manufactured, packaged and distributed the towing eyelet at issue in this case; (ii) a supplemental response to plaintiff's interrogatory 12 (by production of documents if the defendants desired), which requested information concerning the precise placement of the screw opening in which the towing eyelet was to be placed in the automobile manufactured by the defendants; and (iii) the production by the defendants of all documents to which objections had not been properly raised. The court further ordered that the supplemental response to interrogatory 7 was to be made within 10 days, and that the production of documents, including the production of documents that provided information responsive to interrogatory 12, was to be made within 21 days. The court qualified the deadline for production of documents by saying that if there were legitimate difficulties obtaining documents because they were in Sweden, the court would permit a few

additional days of delay in production, but stated that all documents were to be produced before the next conference on July 12, 2007.

The defendants failed to provide a response to interrogatory 7 within ten days, and when they finally did respond on or about June 25, 2007 their response was deficient because it did not provide information concerning the designer of the towing eyelet. The defendants failed to produce any documents or otherwise supplement their response to interrogatory 12,[1] and failed to produce the owners manual or any documents concerning the weight of the vehicle by July 12, 2007. The defendants have offered no explanation for their failure to comply with the court's order. Although the defendants have now provided all the information they contend they possess by way of further discovery responses provided in late July, their failure to comply with the court's directive required the plaintiff's counsel to draft and submit the July 16, 2007 letter to the court detailing the defendants' deficiencies. The plaintiff is therefore entitled to recover the reasonable attorneys' fees and costs associated with the drafting and submission of the letter. *See* Fed. R. Civ. P. 37(b)(2). Counsel for the plaintiff shall submit a letter accompanied by contemporaneous billing records to substantiate those fees and costs to the court within five days. The defendants shall have three days thereafter within which to challenge the reasonableness of the fees and costs for which reimbursement is requested.

*Plaintiff's Motion to Compel Discovery*

The plaintiff asks the court to compel the defendants to provide further information in response to his interrogatories 12 and 13 and document request 22. As to interrogatory 12, described above, the defendants have now supplemented their response to state, on information and belief, that they have no documents depicting the location of the screw opening in which the towing eyelet at issue is to be placed and have no records evidencing the distance between the screw opening and the left and right outer side edges of the bumper. Similarly, in response to document request 22, which seeks documents concerning other towing eyelets supplied by the defendants with other vehicles they manufacture and sell, the defendants maintain that they have

---

[1] As discussed below, in late July the defendants provided a supplemental response to interrogatory 12 stating that they possessed no records that provided information responsive to the interrogatory.

no such documents.  The plaintiff, understandably incredulous, seeks an affidavit by a person with knowledge to attest to those responses.

As to interrogatory 12, the defendants maintain that the verification of one Michael Thomas affixed to the response to that interrogatory is sufficient, and that the plaintiff may depose the defendants' witness(es) concerning the topic at deposition.  The court agrees.  The verification is understood to be made by a person with actual knowledge of the truth of the responses.  The plaintiff may of course seek the deposition of Mr. Thomas to explore the extent of his knowledge and if it is proved he does not possess sufficient knowledge to have made the statement that he has verified, appropriate sanctions may be imposed.[2]

As to document request 22, however, since no such verification is affixed to the response, the defendants are directed to provide an affidavit by a person with actual knowledge of the documents maintained by the defendants attesting to the fact that no documents responsive to the request exists.  To be sufficient, the affidavit must state specifically that the defendants have no catalogs, literature or drawings that show or reflect towing eyelets made available for use with any Volvo automobile with a model year 1996 to 2006.  Although the defendants also object to the request on the ground that it is overly broad, because they maintain that they have no documents responsive to the request in any event, the court need not address the overbreadth argument as an affidavit attesting to the absence of responsive documents will render the argument moot.  The affidavit is to be provided within ten days.

Finally, as to interrogatory 13, the plaintiff complains that although the defendants have provided information concerning various weights for the model line of the vehicle involved in the accident at issue, they have not provided the weight of the specific automobile involved in the accident.  Since the defendants are not in possession of that automobile, they are not in a position to provide that information and need not do so.

---

[2]The plaintiff also seeks an order that, if the defendants continue to maintain that there are no documents or other information concerning the placement of the towing eyelet, the defendants are precluded from taking a contrary position at trial.  It should go without saying that a party cannot fail to provide information in response to discovery requests and then seek to use such withheld information at trial.

*Defendants' Motion to Compel*

The defendants complain that the plaintiff has failed to provide a copy of a DVD depicting the accident, copies of photographs of the tow truck that was operated by the plaintiff,[3] and an authorization for the pharmacy used on one occasion by the plaintiff in connection with his injury. The only issue concerning the copies of the DVD and the photographs was the costs of reproduction. Those are to be borne by the defendants. As to the authorization, since the plaintiff does not remember the pharmacy, the court cannot compel him to provide an authorization. Accordingly the defendants' cross-motion to compel is denied.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
August 9, 2007

---

[3] Although the defendants' interrogatory apparently sought information regarding the make, model and year of the tow truck and a description of all after market towing equipment installed on the truck, the defendants agreed to accept photographs of the truck in response to the interrogatory.